# EXHIBIT A-1

| | |
|---|---|
| DISTRICT COURT, EAGLE COUNTY<br>COLORADO<br>885 Chambers Ave<br>P.O. Box 597<br>Eagle, CO 81631<br>Telephone: (970) 328-6373 | DATE FILED: July 12, 2023 3:12 PM<br>FILING ID: A4C951388E89A<br>CASE NUMBER: 2023CV30117 |
| **Plaintiff:**<br>**IRIS COYLE**<br><br>v.<br><br>**Defendant:**<br>**EAGLE COUNTY REGIONAL AIRPORT; EAGLE COUNTY AIR TERMINAL CORPORATION; DELTA AIRLINES, INC.; UNITED AIRLINES, INC.; and THE BOARD OF COUNTY COMMISSIONERS OF COUNTY OF EAGLE** | |
| ATTORNEYS<br>Name: Chase P. Florin, Reg. No. 54529<br>Address: 777 Alderman Road<br>Palm Harbor, FL 34683<br>Telephone: (727) 786-5000<br>Email: chase@florinroebig.com<br>fpservice@florinroebig.com | Case No.: |
| **COMPLAINT AND DEMAND FOR JURY TRIAL** | |

COMES NOW, Plaintiff, IRIS COYLE, by and through the undersigned counsel, and hereby files this Complaint against Defendants, EAGLE COUNTY REGIONAL AIRPORT; EAGLE COUNTY AIR TERMINAL CORPORATION; DELTA AIRLINES, INC.; UNITED AIRLINES, INC.; and THE BOARD OF COUNTY COMMISSIONERS OF COUNTY OF EAGLE, and in support thereof states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages in excess of Twenty-Five-Thousand-Dollars ($25,000.00), exclusive of attorneys fees and costs.

2. Plaintiff, IRIS COYLE (hereinafter, "Plaintiff"), is a resident of Palm Beach County, Florida.

3. At all times material hereto, Defendant, EAGLE COUNTY REGIONAL AIRPORT (hereinafter, "EAGLE COUNTY AIRPORT"), was owned and operated by Eagle County and doing business in the state of Colorado.

4. At all times material hereto, Defendant, EAGLE COUNTY AIR TERMINAL CORPORATION (hereinafter "AIR TERMINAL CORPORATION") was a Colorado corporation and doing business in the state of Colorado.

5. At all times material hereto, Defendant, DELTA AIRLINES, INC. (hereinafter, "DELTA") was a Delaware corporation licensed to do business and doing business in the state of Colorado.

6. At all times material hereto, Defendant, UNITED AIRLINES, INC. (hereinafter "UNITED") was a Delaware corporation licensed to do business and doing business in the state of Colorado.

7. At all times material hereto, Defendant, THE BOARD OF COUNTY COMMISSIONERS OF COUNTY OF EAGLE (hereinafter, "BD. OF COUNTY COMISSIONERS"), is the governing board of the County of Eagle, State of Colorado, a political subdivision of the State of Colorado organized pursuant to Article XIV of the Colorado Constitution. EAGLE COUNTY REGIONAL AIRPORT is owned and operated by Eagle County.

8. Venue lies with this Court because a substantial part of the events giving rise to this claim arose in this Judicial District.

## ADMINISTRATIVE PREQUISITES

9. On or about November 22, 2021, Plaintiff notified Defendant operating EAGLE COUNTY AIRPORT of her intention to pursue litigation for negligence and injury and loss caused thereby in compliance with Colorado Revised Statute §24-10-109. A copy of said notice is attached to this complaint as "Exhibit A".

## GENERAL ALLEGATIONS

10. On or about the evening of July 13, 2021, Plaintiff was a business invitee upon the property at EAGLE COUNTY REGIONAL AIRPORT, located at 217 Eldon Wilson Road in Gypsum, Eagle County, Colorado.

11. Plaintiff was a business invitee at the property known as EAGLE COUNTY REGIONAL AIRPORT and was a ticketed passenger of United Airlines permitting her access to a commercial departing flight from Eagle County Regional Airport.

12. Plaintiff was properly present in the passenger seating area at/or near Gate 4 of the EAGLE COUNTY REGIONAL AIRPORT when she was summoned to the United Airlines Service desk and proceeded therefore to walk toward the UNITED customer service desk.

13. Plaintiff was walking past a grouping at the gate of unoccupied DELTA wheelchairs when she encountered one of the abandoned wheelchair's footrest blade or other metallic piece of the chair which was protruding into her walking path.

14. The protruding footrest blade or other metallic piece of the chair struck Plaintiff's lower right leg causing significant injury to Plaintiff.

## COUNT I
## LANDOWNER'S LIABILITY TO INVITEES UNDER COLORADO REVISED STATUTE §13-21-115 AGAINST EAGLE COUNTY REGIONAL AIRPORT

15. Plaintiff, IRIS COYLE, realleges and incorporates Paragraphs 1-14 as if fully set forth herein.

16. Plaintiff was a customer lawfully transacting business on the subject premises. As such, Plaintiff was an invitee pursuant to Colorado Revised Statute §13-21-115.

17. Plaintiff suffered a personal injury while lawfully upon the subject premises.

18. An invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which they actually know or should have known.

19. Defendant, EAGLE COUNTY AIRPORT, owed a duty to the public and patrons; including Plaintiff, IRIS COYLE, to maintain and store its wheelchair equipment or equipment for which it was responsible in a safe manner and a hazard-free condition.

20. Defendant, EAGLE COUNTY AIRPORT as an entity or agency of Eagle County, is and/or was legally responsible for the condition of the premises and/or for the activities conducted or circumstances existing described herein, and it, or its agents and/or employees, unreasonably failed to exercise reasonable care to protect Plaintiff against the danger on the property as described.

21. Defendant, EAGLE COUNTY AIRPORT, failed to use reasonable care to protect invitees including Plaintiff, IRIS COYLE, against the danger on the property by failing to properly maintain and store its wheelchair equipment in a location and/or in a manner that prevented injury to airport invitees and patrons.

22. Defendant, EAGLE COUNTY AIRPORT's failure to use reasonable care was the cause of Plaintiff's injuries and was negligent.

23. Defendant, EAGLE COUNTY AIRPORT, also unreasonably failed to exercise reasonable care in its and/or its agents and/or employees failure to warn of the unreasonable danger

to invitees of hazardous wheelchair storage and is therefore liable to the Plaintiff for the damages which it's negligence has caused.

**WHEREFORE**, Plaintiff IRIS COYLE prays that she recover of and from Defendant, EAGLE COUNTY AIRPORT:

a. Compensatory damages that she has suffered by virtue of the acts and omissions alleged above;

b. For costs, witness fees, expert witness fees, interest as provided by the rules, laws or statutes;

c. For attorney fees as may be allowed by order of this Court;

d. For an amount which will reasonably compensate Plaintiff for her past and future economic losses, past and future medical expenses, permanent impairments, injuries and/or disabilities;

e. For an amount which will reasonably compensate Plaintiff for past and future pain, suffering, and loss of enjoyment of life; and

f. For such other and further relief as shall be deemed just and proper by this Court.

## COUNT II
### LANDOWNER'S LIABILITY TO INVITEES UNDER COLORADO REVISED STATUTE §13-21-115 AGAINST EAGLE COUNTY AIR TERMINAL CORPORATION

24. Plaintiff, IRIS COYLE, realleges and incorporates Paragraphs 1-14 as if fully set forth herein.

25. Plaintiff was a customer lawfully transacting business on the subject premises. As such, Plaintiff was an invitee pursuant to Colorado Revised Statute §13-21-115.

26. Plaintiff suffered a personal injury while lawfully upon the subject premises.

27. An invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which they actually know or should have known.

28. Defendant, AIR TERMINAL CORPORATION, owed a duty to the public and patrons; including Plaintiff, IRIS COYLE, to maintain and store its wheelchair equipment or equipment for which it was responsible in a safe manner and a hazard-free condition.

29. Defendant, AIR TERMINAL CORPORATION as an entity or agency of Eagle County, is and/or was legally responsible for the condition of the premises and/or for the activities conducted or circumstances existing described herein, and it, or its agents and/or employees, unreasonably failed to exercise reasonable care to protect Plaintiff against the danger on the property as described.

30. Defendant, AIR TERMINAL CORPORATION, failed to use reasonable care to protect invitees including Plaintiff, IRIS COYLE, against the danger on the property by failing to properly maintain and store its wheelchair equipment in a location and/or in a manner that prevented injury to airport invitees and patrons.

31. Defendant, AIR TERMINAL CORPORATION's failure to use reasonable care was the cause of Plaintiff's injuries and was negligent.

32. Defendant, AIR TERMINAL CORPORATION, also unreasonably failed to exercise reasonable care in its and/or its agents and/or employees failure to warn of the unreasonable danger to invitees of hazardous wheelchair storage and is therefore liable to the Plaintiff for the damages which it's negligence has caused.

**WHEREFORE**, Plaintiff IRIS COYLE prays that she recover of and from Defendant, AIR TERMINAL CORPORATION:

    g. Compensatory damages that she has suffered by virtue of the acts and omissions alleged above;

    h. For costs, witness fees, expert witness fees, interest as provided by the rules, laws or statutes;

    i. For attorney fees as may be allowed by order of this Court;

    j. For an amount which will reasonably compensate Plaintiff for her past and future economic losses, past and future medical expenses, permanent impairments, injuries and/or disabilities;

    k. For an amount which will reasonably compensate Plaintiff for past and future pain, suffering, and loss of enjoyment of life; and

    l. For such other and further relief as shall be deemed just and proper by this Court.

## COUNT III
### OCCUPANT'S LIABILITY TO INVITEES UNDER COLORADO REVISED STATUTE §13-21-115 AGAINST DELTA AIR LINES INC.

33. Plaintiff, IRIS COYLE, realleges and incorporates Paragraphs 1-14 herein.

34. Plaintiff was a customer lawfully transacting business on the subject premises. As such, Plaintiff was an invitee pursuant to Colorado Revised Statute §13-21-115.

35. Plaintiff suffered a personal injury while lawfully upon the subject premises.

36. An invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which they actually know or should have known.

37. Defendant, DELTA, owed a duty to the public and patrons to maintain and store its wheelchair equipment or equipment for which it was responsible in a safe manner and a hazard-free condition.

38. Defendant, DELTA, is and/or was legally responsible for the condition of the premises or for the activities conducted or circumstances existing described herein, and it, or its agents and/or employees, unreasonably failed to exercise reasonable care to protect Plaintiff against the danger on the property as described.

39. Defendant, DELTA, failed to use reasonable care to protect against the danger on the property by failing to properly maintain and store its wheelchair equipment in a location and in a manner that prevented injury to airport invitees and patrons including Plaintiff, IRIS COYLE.

40. Defendant, DELTA's failure to use reasonable care was the cause of Plaintiff's injuries and was negligent.

41. Defendant, DELTA, also unreasonably failed to exercise reasonable care in its and/or its agents and/or employees failure to warn of the unreasonable danger to invitees of its hazardous wheelchair storage and is liable to the Plaintiff for the damages which its negligence has caused.

**WHEREFORE**, Plaintiff IRIS COYLE prays that she recover of and from Defendant, DELTA:

    m. Compensatory damages that she has suffered by virtue of the acts and omissions alleged above;

    n. For costs, witness fees, expert witness fees, interest as provided by the rules, laws or statutes;

    o. For attorney fees as may be allowed by order of this Court;

    p. For an amount which will reasonably compensate Plaintiff for her past and future economic losses, past and future medical expenses, permanent impairments, injuries and/or disabilities;

    q. For an amount which will reasonably compensate Plaintiff for past and future pain, suffering, and loss of enjoyment of life; and

    r. For such other and further relief as shall be deemed just and proper by this Court.

## COUNT IV
## OCCUPANT'S LIABILITY TO INVITEES UNDER COLORADO REVISED STATUTE §13-21-115 AGAINST UNITED AIRLINES, INC.

42. Plaintiff, IRIS COYLE, realleges and incorporates Paragraphs 1-14 herein.

43. Plaintiff was a customer lawfully transacting business on the subject premises. As such, Plaintiff was an invitee pursuant to Colorado Revised Statute §13-21-115.

44. Plaintiff suffered a personal injury on the subject premises.

45. An invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers for which they actually know of or should have known.

46. Defendant, UNITED, owed a duty to the public and patrons to maintain and store its wheelchair equipment or equipment for which it was responsible in a safe manner and a hazard-free condition.

47. Defendant, UNITED, is and/or was legally responsible for the condition of the premises or for the activities conducted or circumstances existing described herein, and it, or its agents and/or employees, unreasonably failed to exercise reasonable care to protect Plaintiff against the danger on the property as described.

48. Defendant, UNITED, failed to use reasonable care to protect against the danger on the property by failing to properly maintain and store its wheelchair equipment in a location and in a manner that prevented injury to airport invitees and patrons including Plaintiff, IRIS COYLE.

49. Defendant, UNITED's failure to use reasonable care was the cause of Plaintiff's injuries and was negligent.

50. Defendant, UNITED, also unreasonably failed to exercise reasonable care in its and/or its agents and/or employees failure to warn of the unreasonable danger to invitees of its hazardous wheelchair storage and is liable to the Plaintiff for the damages which its negligence has caused.

**WHEREFORE**, Plaintiff IRIS COYLE prays that she recover of and from Defendant, UNITED:

s. Compensatory damages that she has suffered by virtue of the acts and omissions alleged above;

t. For costs, witness fees, expert witness fees, interest as provided by the rules, laws or statutes;

u. For attorney fees as may be allowed by order of this Court;

v. For an amount which will reasonably compensate Plaintiff for her past and future economic losses, past and future medical expenses, permanent impairments, injuries and/or disabilities;

w. For an amount which will reasonably compensate Plaintiff for past and future pain, suffering, and loss of enjoyment of life; and

x. For such other and further relief as shall be deemed just and proper by this Court.

**COUNT V**
**LANDOWNER'S LIABILITY TO INVITEES UNDER COLORADO REVISED STATUTE §13-21-115 AGAINST THE BOARD OF COUNTY COMMISSIONERS OF COUNTY OF EAGLE**

51. Plaintiff, IRIS COYLE, realleges and incorporates Paragraphs 1-14 as if fully set forth herein.

52. Plaintiff was a customer lawfully transacting business on the subject premises. As such, Plaintiff was an invitee pursuant to Colorado Revised Statute §13-21-115.

53. Plaintiff suffered a personal injury while lawfully upon the subject premises.

54. An invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which they actually know or should have known.

55. Defendant, BD. OF COUNTY COMMISSIONERS, owed a duty to the public and patrons; including Plaintiff, IRIS COYLE, to maintain and store its wheelchair equipment or equipment for which it was responsible in a safe manner and a hazard-free condition.

56. Defendant, BD. OF COUNTY COMISSIONERS, is and/or was legally responsible for the condition of the premises and/or for the activities conducted or circumstances existing described herein, and it, or its agents and/or employees, unreasonably failed to exercise reasonable care to protect Plaintiff against the danger on the property as described.

57. Defendant, BD. OF COUNTY COMISSIONERS, failed to use reasonable care to protect invitees including Plaintiff, IRIS COYLE, against the danger on the property by failing to properly maintain and store its wheelchair equipment in a location and/or in a manner that prevented injury to airport invitees and patrons.

58. Defendant, BD. OF COUNTY COMISSIONERS' failure to use reasonable care was the cause of Plaintiff's injuries and was negligent.

59. Defendant, BD. OF COUNTY COMISSIONERS, also unreasonably failed to exercise reasonable care in its and/or its agents and/or employees failure to warn of the

unreasonable danger to invitees of hazardous wheelchair storage and is therefore liable to the Plaintiff for the damages which its negligence has caused.

**WHEREFORE**, Plaintiff IRIS COYLE prays that she recover of and from Defendant, BD. OF COUNTY COMISSIONERS:

y.  Compensatory damages that she has suffered by virtue of the acts and omissions alleged above;

z.  For costs, witness fees, expert witness fees, interest as provided by the rules, laws or statutes;

aa. For attorney fees as may be allowed by order of this Court;

bb. For an amount which will reasonably compensate Plaintiff for her past and future economic losses, past and future medical expenses, permanent impairments, injuries and/or disabilities;

cc. For an amount which will reasonably compensate Plaintiff for past and future pain, suffering, and loss of enjoyment of life; and

dd. For such other and further relief as shall be deemed just and proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff, IRIS COYLE, hereby demands a trial by jury against all Defendants in this action.

**DATED**: July 12, 2023

**FLORIN ROEBIG, P.A.**

*/s/ Chase P. Florin*

**CHASE P. FLORIN, ESQ., B.C.S.**
CBN: 54529
Email: cflorin@florinroebig.com
Secondary Email:
fpservice@florinroebig.com
777 Alderman Road

Palm Harbor, FL 34683
Telephone: (727) 786-5000
**Attorney for Plaintiff**

Board Certified Civil Trial Lawyer by The National Board of Trial Advocacy[1]
Board Certified In Civil Pretrial Practice by The National Board of Trial Advocacy[2]
Board Certified Civil Trial Lawyer by The Florida Bar[3]
LL.M in Advocacy[4]
Admitted to U.S. Dist. Court for Colorado[5]
Also licensed in MN[6], KY[7], TX[8], CO[9]
Licensed in MN only[10]
M.B.A.[11] and/or of Counsel[12]

# FLORIN | ROEBIG
### Trial Attorneys

777 Alderman Road
Palm Harbor, FL 34683
(Primary Administrative Office)
727-786-5000
Toll Free: 800-226-6581
www.FlorinRoebig.com

**(All Replies to Palm Harbor, FL)**

MINNESOTA / COLORADO / TEXAS
7760 France Avenue, Suite 130
Minneapolis, MN 55435

7887 East Belleview Ave., Suite 1100
Denver, CO 80111

3010 LBJ Fwy, # 1200
Dallas, TX 75234

440 Louisiana St., #900
Houston, TX 77002

**FLORIDA BRANCH OFFICES**
1506 Prudential Dr.       777 S. Flagler Dr., #800
Jacksonville, FL 32207    W. Palm Beach, FL 3340

1121A Duval St.
Key West, Fl 33040

DATE FILED: July 12, 2023 3:12 PM
FILING ID: A4C951388E89A
CASE NUMBER: 2023CV30117

November 22, 2021

*Via Certified Mail 9414711699000887085331; and*
*Email to: bryan.treu@eaglecounty.us*

Eagle County Regional Airport
**ATTN: Bryan Treu, Esquire**
**County Attorney**
PO Box 850
Eagle, CO 81631

Re:   Our Client:           *Iris Coyle*
      Client's Address:     *271 Meadows Drive, Boynton Beach, Florida 33436*
      Date of Accident:     *7/13/2021*

Dear Mr. Treu:

Please be advised that Florin Roebig, PA represents *Iris Coyle* for losses she sustained in the above referenced event. Pursuant to section 24-10-109, Colorado Revised Statutes, this letter shall serve as notice of a claim on behalf of our client, Iris Coyle.

Iris Coyle was injured while visiting the Eagle County Regional Airport on the night of July 13, 2021. Ms. Coyle was at the United Airlines gate in the Eagle County Regional Airport where she was going to be departing for her final flight destination to Florida. Ms. Coyle was walking towards the desk at the United Airlines gate and past a row of unoccupied wheelchairs when one of the metal foot pedals that was left open lacerated her leg. Iris Coyle has been receiving medical treatment for her laceration for over three months, including, but not limited to, weekly wound care.

Iris Coyle will be seeking monetary damages in the amount of $250,000 (Two Hundred and Fifty Thousand).

In order to properly advise our client of certain legal rights, we require information concerning your insurance coverage. You may simply enter the information below and return this letter to our office:

**NAME OF INSURANCE COMPANY         POLICY NUMBER**

_____          _____

**EXHIBIT "A"**




WIL H. FLORIN[1,2,3,5,8]  •  THOMAS D. ROEBIG, JR.[1,2,3,5]
NEIL P. O'BRIEN[5,6,8,11]  •  CHASE P. FLORIN[1,3,5,8,9]  •  SHAUN M. CUMMINGS[3,5,8]  •  LUCA G. ESPOSITO[5,6,8]  •  CHAD K. FLORIN[4,5,6,11]
NICK S. COSTANTINO[5,6]  •  PARKER Y. FLORIN[4]  •  TAYLOR D. ROEBIG  •  KAVON P. SMITH[5]  •  JOHN J. HART[5]
NICOLETTE A. SORENSEN[10]  •  JESSICA M. ALLY[10]  •  SARAH K. BARTLETT  •  MICHAEL A. OSSI[12]
LAWRENCE J. NAJEM[12]  •  ANDREW M. LEONE[6,12]  •  BRIAN R. DETTMAN[7,12]  •  NOLLYS R. SOLARTE[12]

November 22, 2021
RE: Iris Coyle
Page 2 of 2

---

We are demanding that Eagle County Regional Airport does not discard or make any alteration whatsoever to any evidence including, but not limited to any surveillance video and the subject wheelchair which is related to this claim, without notifying Florin Roebig, P.A., and, allowing us a reasonable opportunity to inspect, photograph, view and/or conduct tests. If any evidence is spoliated despite this request, we will pursue all available legal remedies.

We also request, you forward a copy of this form request to each insurance company providing coverage to you.

Thank you for your attention to this important matter.

With best regards,

FLORIN ROEBIG, P.A.

Chase P. Florin, Esquire

CPF/ade